UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------ x
BRIANNA JOACHIM, as Proposed :
Administratrix of the Estate of EDGIRE :
JOACHIM, Deceased, and, BRIANNA : **MEMORANDUM & ORDER**
JOACHIM, individually, : **22-cv-5719 (DLI)(RML)**
 :
            Plaintiff, :
 :
   -against- :
 :
UNITED STATES OF AMERICA, :
 :
            Defendant. :
------------------------------------------------------------ x

**DORA L. IRIZARRY, United States District Judge:**

On July 15, 2022, Brianna Joachim ("Plaintiff") commenced this action in New York State Supreme Court, Kings County ("state court") in her individual capacity and as Proposed Administratrix of the Estate of Edgire Joachim asserting state law claims against Olga Filipova, M.D. ("Filipova") for medical malpractice in her treatment of Plaintiff's mother, Edgire Joachim ("Decedent") between December 9, 2018 and June 15, 2019. *See*, Compl., Dkt. Entry No. 1-1. The Attorney General certified Filipova as an employee of the United States of America acting within the scope of her employment for purposes of this case. *See*, Certification, Dkt. Entry No. 1-2. On September 23, 2022, the United States of America ("Defendant") removed the action from state court to this court, substituting itself for Filipova as the sole defendant pursuant to 42 U.S.C. § 233. *See*, Notice of Removal ("Notice") Dkt. Entry No. 1. On November 1, 2022, Plaintiff filed an amended complaint ("Amended Complaint") naming the United States of America as the defendant and amending the claims only to include claims under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346, 2671, et. seq. *See*, Am. Compl., Dkt. Entry No. 10.

Before the Court is Defendant's motion to dismiss the Amended Complaint("Motion") for lack of subject matter jurisdiction and failure to state a claim upon which relief can be granted. Def.'s Mot. to Dismiss ("Mot."), Dkt. Entry No. 15. Plaintiff opposed. Pl.'s Opp. to Def.'s Mot. ("Opp."), Dkt. Entry No. 17. Defendant replied. Def.'s Reply ("Reply"), Dkt. Entry No. 19. For the reasons set forth below, as the Court lacks subject matter jurisdiction over this matter, Defendant's motion to dismiss is granted.

## BACKGROUND

From December 9, 2018 through her death due to cerebral venous thrombosis on June 15, 2019, Decedent received medical treatment from doctors at hospitals within the Eastern District of New York for abnormal blood clotting and related conditions. *See generally*, Am. Compl. Decedent received medical treatment from Filipova at Sunset Park Family Health Center ("Sunset Park") on March 29, April 5, and June 10, 2019. *Id.* at ¶¶ 52, 53, and 59. Defendant stipulated that, "at the time of the incidents alleged," Filipova "was acting within the scope of her employment as an employee of [Sunset Park] . . . which has been deemed for [FTCA] Authorization under the Federally Supported Health Centers Assistance Act, 42 U.S.C. § 233(g)-(n), by grantee United States Department of Health and Human Services." Certification, Dkt. Entry No. 1-2.

On April 21, 2021, Plaintiff, Decedent's daughter, submitted a Standard Form 95 ("SF-95") to the Department of Health and Hospital Service ("HHS") claiming negligence, medical malpractice, and lack of informed consent in the treatment of Decedent and loss of parental guidance and support and resultant damages in the amount of Twenty Million Dollars ($20,000,000). *See*, Mot., Ex. A, Dkt. Entry No. 15-2. Plaintiff signed the SF-95 "as [the] natural daughter and proposed administratrix." *Id.* at Box 13a. On April 26, 2021, Plaintiff submitted a

2

Petition for Letters of Administration for the Estate of Edgire Joachim ("Petition") to New York State Surrogate's Court in Kings County. Am. Compl. at ¶14. On May 5, 2021, HHS acknowledged receipt of Plaintiff's SF-95 and requested additional information. *Id.* at ¶ 8. On May 19, 2021, Plaintiff "responded and submitted the requested information to Defendant," including a copy of the Petition. *Id.* at ¶ 9. On July 15, 2022, Plaintiff filed the instant action, which Defendant now moves to dismiss in its entirety pursuant to Fed. R. Civ. P. Rules 12(b)(1) ("Rule 12(b)(1)") for lack of subject matter jurisdiction and 12(b)(6) ("Rule 12(b)(6)") for failure to state a claim.

## LEGAL STANDARD

Subject matter jurisdiction is a threshold requirement in any suit, which "must be shown affirmatively and that showing is not made by drawing from the pleadings inferences favorable to the party asserting it." *APWU v. Potter*, 343 F.3d 619, 623 (2d Cir. 2003) (internal quotation marks and citation omitted). "A case is properly dismissed for lack of subject matter jurisdiction under Rule 12(b)(1) when the district court lacks the statutory or constitutional power to adjudicate it." *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000). Accordingly, when responding to a defendant's Rule 12(b)(1) motion, a plaintiff must establish the existence of subject matter jurisdiction by a preponderance of the evidence. *Aurecchione v. Schoolman Transp. Sys., Inc.*, 426 F.3d 635, 638 (2d Cir. 2005). Under the FTCA, a plaintiff must make "a timely filing of an administrative claim with the appropriate government agency pursuant to 28 U.S.C. § 2675(a)" or otherwise be barred by sovereign immunity. *Wyler v. U.S.*, 725 F.2d 156, 157 (2d Cir. 1983). [I]f the conditions under which the Government has agreed to waive that immunity have not been met, federal subject matter jurisdiction does not exist. *Rambarrat ex rel. Rambarrat v. United States*, 347 F. Supp.2d 6, 8 (S.D.N.Y. 2004) (collecting cases).

3

In deciding a defendant's Rule 12(b)(1) motion, a court "'need not accept as true contested jurisdictional allegations[,] and may resolve disputed jurisdictional facts by reference to affidavits and other matters outside the pleadings.'" *Kitzen v. Hancock*, 2017 WL 4892173, at *2 (E.D.N.Y. Oct. 27, 2017) (quoting *Williams v. Runyon*, 1997 WL 77207, at *1 (S.D.N.Y. Feb. 17, 1999)). Where the jurisdictional challenge is based on the FTCA, the government receives the benefit of any ambiguities. *Moreno v. United States*, 965 F. Supp. 521, 524 (S.D.N.Y. 1997).

## DISCUSSION

Defendant contends that the Court lacks subject matter jurisdiction because Plaintiff had not been appointed the administratrix of Decedent's estate at the commencement of this lawsuit.[1] Mot. at 14; *see*, *Lujan v. Defenders of Wildlife,* 504 U.S. 555, 571 n. 5 (1992) (noting that the absence of standing is considered a jurisdictional defect and "standing is to be determined as of the commencement of suit."); *See also*, *Carrick v. Cent. Gen. Hosp.*, 51 N.Y.2d 242, 249 (noting that under New York law, standing is assessed at the time of filing). It is well established that the United States only can be sued with its consent "and the terms of its consent to be sued in any court define that court's jurisdiction to entertain the suit." *Makarova*, 201 F.3d at 113 ("The doctrine of sovereign immunity is jurisdictional in nature . . . and therefore to prevail, the plaintiff bears the burden of establishing that her claims fall within an applicable waiver.") (citation omitted). The FTCA waives sovereign immunity such that "[t]he United States shall be liable,

---

[1] Defendant also contends that the Court lacks subject matter jurisdiction because Plaintiff failed to administratively exhaust her claims, a jurisdictional requirement under the FTCA. Mot. at 10-14. While the Court need not address this issue since it lacks subject matter jurisdiction for the reasons set forth in this Memorandum and Order, the Court nonetheless notes that Defendant's contentions are based on a flawed reading of the cases and federal regulations upon which it relies. On the record presented, it appears that Plaintiff had exhausted her administrative remedies because she "present[ed] the appropriate agency with sufficiently specific information—whether by narrative, evidence, or other means—to permit the agency to conduct an investigation and then to estimate the value of the claim." *Collins v. United States*, 996 F.3d 102, 114 (2d Cir. 2021) (noting that the FTCA's presentment requirement's purpose is to provide adequate notice to the relevant agency). Accordingly, Defendant's motion to dismiss on this ground is denied as it is without merit.

respecting the provisions of this title relating to tort claims, in the same manner and to the same extent as a private individual under like circumstances." 28 U.S.C. § 2674. In relevant part, the FTCA authorizes suits against the United States to recover damages:

> for injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred.

28 U.S.C. § 1346(b)(1). District courts examine the law of the state in which the court sits to determine capacity to sue as a representative of an estate. *See*, *Estate of Vaiselberg ex rel. Vaiselberg v. Snow*, 2003 WL 1878248, at *1 (S.D.N.Y. Apr. 14, 2003) (citation omitted).

New York law provides that wrongful death and survival actions may be brought only by the decedent's personal representative, defined as the "person who has received letters to administer the estate of a decedent." *Jordan v Jordan*, 120 A.D.3d 632 (2d Dept. 2014); N.Y. Est., Powers & Trusts Law § 1–2.13. "It is well established that the existence of a qualified administrator is essential to the maintenance of [an estate's] action and that the statutory right to recover for wrongful death does not even arise until an administrator has been named through the issuance of letters of administration." *Carrick*, 51 N.Y.2d at 249 n. 2 (1980) (citation omitted).[2]

The parties do not dispute that, at the time this case was filed in state court, Plaintiff had not received letters of administration for Decedent's estate. Consequently, Plaintiff lacks standing to maintain a wrongful death or survivorship suit. Plaintiff's receipt of the letters testamentary on September 16, 2022, does not cure the defect, which must be judged as of the commencement of

---

[2] However, the potential harshness of this rule is tempered by operation of the New York Civil Practice Law and Rule § 205(a) that allows plaintiffs to recommence an action within six months of dismissal, if a prior action was timely commenced but terminated because it was filed by someone other than the appointed administrator. *Carrick*, 51 N.Y.2d at 249-50 (discussing the application of Section 205(a)); *See also, Estate of Capo v. Haquif*, 2019 WL 2498369, at *4 (S.D.N.Y. 2019) (finding that the six-month extension afforded under Section 205(a) "may be applied when a prior wrongful death action has been dismissed due to the lack of an appointed administrator").

Plaintiff's suit, *i.e.*, July 15, 2022, and not as of any other date. *Lujan*, 504 U.S. at 571 n. 5. Moreover, as Defendant correctly argues, Plaintiff cannot have standing in her individual capacity under New York law, even upon adequate presentment under the FTCA. *See*, Opp. at 13-14. Accordingly, as Plaintiff was not the administratrix at the time she commenced this lawsuit in state court, the Court lacks subject matter jurisdiction and this action is dismissed.

## **CONCLUSION**

For the reasons set forth above, Defendant's motion to dismiss the complaint for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1) is granted.

SO ORDERED.

Dated: Brooklyn, New York
       September 27, 2023

                                                 /s/
                                      DORA L. IRIZARRY
                                United States District Judge